**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL HARRIS** | : |
| | : **Civil Action** |
| | : **No.** |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **T SCELZI AUTO TRANSPORT, INC.** | : |
| | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| **Defendant** | : |

**CIVIL ACTION COMPLAINT**

1.      This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of Plaintiff, MICHAEL HARRIS. Plaintiff was an employee of Defendant, T SCELZE AUTO TRANSPORT, INC., who has been harmed by Defendant's discriminatory employment practices.

2.      This action arises under Title I of the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act, 43 P.S. § 951.

**JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Americans with Disabilities Act of 1990, as amended.

4.      The Eastern District of Pennsylvania has general jurisdiction over the Defendants, and specific jurisdiction over this matter as the events giving rise to Plaintiff's claims occurred in the Eastern District.

## PARTIES

5.      The Plaintiff herein is Michael Harris, an adult individual residing in Hamilton, New Jersey.

6.      The Defendant herein is T Scelzi Auto Transport, Inc. At all times relevant hereto, Defendant was acting through their agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendants. At all times material herein, Defendant is a "person" and "employer" as defined under the Americans with Disabilities Act of 1990, as amended. At all times material herein, the Defendant is an employer as defined by the Pennsylvania Human Relations Act.

## ADMINISTRATIVE EXHAUSTION

7.      On August 15, 2025, Plaintiff filed a timely Charge of Discrimination of disability and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

8.      The case was investigated  by the EEOC

9.      On April 8, 2026, EEOC issued a Determination and Notice of Rights.

10.     As such, the administrative remedies for Plaintiff's claims have all been exhausted.

## UNDERLYING FACTS

11.     Plaintiff was employed by Defendant beginning in or around April of 2024.

12.     At all relevant times, Plaintiff was qualified for his job and performed it well.

13.     On or around October 6, 2024, Plaintiff was injured in a non-work related accident, resulting in a broken collar bone and fractures to his ribs and bones in his neck.

14.     Plaintiff immediately advised Defendant of his injuries and informed them that he did not yet have a time frame for his return to work.

15.    Plaintiff was informed by Defendant's Human Resources department that he did not need to provide Defendant with a doctor's note yet, but that he would need to do so upon his return to work.

16.    Just over two weeks after his accident, Plaintiff received a certified letter from Defendant which stated that Plaintiff was no longer employed by Defendant as of October 21, 2024.

17.    The letter from Defendant stated that Plaintiff had voluntarily left his position, which was the reason for his termination.

18.    After receiving this letter, Plaintiff contacted Defendant's Human Resources department again, at which point he was told that the company moved towards termination because the company's owner felt that he did not want to pay for Plaintiff's health benefits while he was unable to work due to his injuries.

19.    Defendant made no effort to engage in the interactive process or to reasonably accommodate Plaintiff after being informed of Plaintiff's injuries.

20.    Plaintiff was discriminated against because of his disability or perceived disability, and was retaliated against for engaging in a protected activity, in violation of the Americans with Disabilities Act of 1990 and the Pennsylvania Human Relations Act.

**COUNT I**
**FAILURE TO REASONABLY ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED, AND THE PENNSYLVANIA HUMAN RELATIONS ACT**

21.    Paragraphs 1-20 are incorporated herein as if set at length.

22.    Plaintiff was injured in a non-work related accident, resulting in a broken collar bone and fractures to his ribs.

23.    Plaintiff required time off from work to recover from his injuries, which substantially limited his major bodily functions.

24. Plaintiff immediately contacted Defendant to request time off to recover from his injuries, which was initially granted by Defendant.

25. While Plaintiff was still recovering, and with no further communication from Defendant to indicate that he needed to return to work in order to maintain his job, Plaintiff was terminated by Defendant in order for Defendant to avoid paying Plaintiff's healthcare costs.

26. Defendant failed to engage in the interactive process and to allow Plaintiff to return to work upon his recovery from his injuries, with or without reasonable accommodations.

27. Defendant, through its managers and staff, violated the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act when it failed to reasonably accommodate Plaintiff.

## COUNT II
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED, AND THE PENNSYLVANIA HUMAN RELATIONS ACT

28. Paragraphs 1-27 are incorporated herein as if set forth at length.

29. Plaintiff engaged in a protected activity when he requested a reasonable accommodation pursuant to the Americans with Disabilities Act of 1990, as amended, and Pennsylvania Human Relations Act.

30. Defendant took an adverse action against her employment when it refused to engage in the interactive process, refused to reasonably accommodate Plaintiff, and discharged Plaintiff.

31. Defendant's actions or inaction happened shortly after Plaintiff notified Defendant of his injuries and requested a reasonable accommodation of time off to recover.

32. Defendant, through its managers and staff, violated the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act when it retaliated against Plaintiff because he requested a reasonable accommodation.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendants, and order that:

A.      Defendants compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on his disability.

B.      Defendants compensate Plaintiff with an award of front pay, if appropriate.

C.      Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D.      Defendants pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E.      Defendants shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F.      The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

By. /s/ Christian J. Hoban
Christian J. Hoban, Esq. – 331794
Mark R. Natale, Esq. – 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
christian@malamutlaw.com
mnatale@malamutlaw.com
*Attorneys for Plaintiff*